IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LEMUEL L COLE,

     Petitioner,

v.                                                    CASE NO. 5:16-cv-1-MP-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

     Respondent.

_____/

## ORDER AND REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254 and is proceeding pursuant

to a Second Amended Petition, ECF No. 9.  Petitioner has been granted

leave to proceed as a pauper.  ECF No. 6.  The Petition stems from a

prison disciplinary conviction for disobeying an order.  Petitioner was

sentenced to 30 days of disciplinary confinement.  ECF No. 1.  Petitioner

also moves for leave to consolidate his IFP motion in this case with a

second case that he will file challenging a separate disciplinary conviction.

ECF No. 10.  That motion is due to be denied.

The Second Amended Petition is before the Court for preliminary

review pursuant to Rule 4, Rules Governing Habeas Corpus Petitions

Under § 2254, which provides that "[i]f it plainly appears from the petition

and any attached exhibits that the petitioner is not entitled to relief in the

district court, the judge must dismiss the petition[.]"   For the following

reasons, the undersigned recommends that the Petition be dismissed for

lack of jurisdiction.

## I. Petitioner's Claims

Petitioner was charged with a disciplinary infraction for disobeying an

order at Holmes CI.  According to the Petition, Petitioner was placed in

administrative confinement for 14 days prior to his disciplinary hearing.  He

was convicted on May 21, 2013, and sentenced to 30 days in disciplinary

confinement.  ECF No. 9.  Petitioner alleges that he unsuccessfully

pursued state-court postconviction remedies.  *Id*. at 2-3.

Petitioner's habeas corpus claims are somewhat difficult to construe.

Petitioner does not make any claims regarding his underlying disciplinary

case.  Rather, he appears to challenge only the denial of relief on

postconviction review.  Petitioner argues that the state courts erred in

finding that he was not entitled to relief because he did not lose gain time

as a result of the disciplinary conviction and his disciplinary confinement did

not amount to a due process violation.  *See id*. at 7-11.  Petitioner contends

that he is entitled to relief because he was deprived of the right to earn gain

time while he was in disciplinary confinement.  *Id*.

## II.  Discussion

Section 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  "[T]he common-law history of the writ, . . . the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  The only relief that can be gained in a habeas action is an immediate or speedier release from custody.  In the instant case, it is undisputed that Petitioner did not lose gain time credits as a result of the challenged disciplinary decision. Because Petitioner's disciplinary proceeding did not implicate the fact or duration of his confinement, there is no basis for federal habeas relief.

Moreover, there is no basis for construing the instant Petition as a civil rights complaint through which Petitioner could challenge the conditions of his confinement in connection with the disciplinary case.  In *Sandin v. Connor*, 515 U.S. 472, 484 (1995), the Supreme Court

recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."   When a constitutionally protected liberty interest is implicated, the inmate is entitled to: (1) written notice of the charges brought against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539 564-66 (1974).   The factfinder's decision need only be supported by "some evidence."   *Superintendent, Mass. Correctional Inst. v. Hill*, 474 U.S. 445, 455-56 (1985).

Petitioner makes no argument that he was denied due process during his disciplinary proceeding.  *See* ECF No. 9.  Even if he made such a claim, Petitioner's placement in disciplinary confinement for 30 days was not sufficient to trigger constitutional due process protections.  *See Sandin*, 515

U.S. at 486 (thirty-day placement in disciplinary confinement was not atypical or significant enough to trigger due process protection).

The loss of the ability to earn gain time during his disciplinary confinement is also insufficient to state a claim for federal habeas relief. The Eleventh Circuit has held that the loss of eligibility to earn incentive gain time under Fla. Admin. Code § 33-601.101(5)(a)  does not give rise to a liberty interest that triggers due process protections.  *Hartley v. Warden*, 352 Fed. Appx. 368, 2009 WL 3738508 (11th Cir. 2009) (unpublished).[1]

Accordingly, the Court concludes that the Petition should be dismissed for lack of jurisdiction because Petitioner's disciplinary conviction did not implicate the fact or duration of his confinement for federal habeas corpus purposes.

### III.  Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a

---

[1]Pursuant to 11th Cir. R. 36-2, unpublished opinions are not binding precedent, but may be cited as persuasive authority.

certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IV.  Conclusion

For the foregoing reasons, it is **ORDERED** that the motion to consolidate the IFP application with a subsequent petition, ECF No. 10, is **DENIED.**

It is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus, ECF No. 9, be **DISMISSED** and that a certificate of

appealability be **DENIED.**

     **IN CHAMBERS**  this 4th day of March 2016.


            *s/Gary R. Jones*
            GARY R. JONES
            United States Magistrate Judge


## <u>NOTICE TO THE PARTIES</u>

     **A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**